**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NAM SUH** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO._____** |
| | § | **JURY DEMANDED** |
| **ACCEPTANCE INDEMNITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **TIMOTHY PAUL BLACK,** | § | |
| **Defendants.** | § | |

**DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S
NOTICE OF REMOVAL**
_____

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Acceptance Indemnity
Insurance Company, in Cause No. 2017CI15694, pending in the 285th District Court of
Bexar County, Texas, files this Notice of Removal from that court to the United States
District Court for the Western District of Texas, San Antonio Division, on the basis of
diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1    On August 31, 2017, Plaintiff filed her Original Petition in the matter styled
*Nam Suh v. Acceptance Indemnity Insurance Company and Timothy Paul Black*, in the
285th District Court of Bexar County, Texas, in which Plaintiff made claims for damages
to her property under her homeowner's insurance policy.

1.2    Plaintiff also asserts claims against Timothy Paul Black, the outside
building consultant hired by Acceptance to inspect Plaintiff's property and prepare an
estimate for the reasonable cost of repair, if any, to Plaintiff's property. *See* Ex. D, Orlando

Rodriguez Aff.  Defendant Black provided this estimate to Acceptance for its sole and exclusive use and consideration.  *See id.*

1.3     Plaintiff's Original Petition states that an April 12, 2016 "hail storm and/or windstorm . . . caus[ed] severe damage" to her property.  *See* Pl.'s Original Pet. ¶ 11.

1.4     Plaintiff filed a claim with Acceptance under her policy requesting that Acceptance "cover the cost of repairs, including but not limited to replacement of the roof and repair of the Property's interior."  *See id.* at ¶ 12.

1.5     Acceptance was served with Plaintiff's Original Petition on October 25, 2017.

1.6     The Index of Matters Being Filed is attached as Exhibit A to this notice of removal.  A copy of the Bexar County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.  The Affidavit of Orlando Rodriguez is attached as Exhibit D.

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas.  *See* Pl.'s Original Pet. ¶ 1.

2.3     Defendant Acceptance is incorporated as a Nebraska-domiciled insurance company, and has its principal place of business in North Carolina.

2.4     Defendant Black is a citizen of the State of Texas, but is not a proper party to this lawsuit.

2

**A.** **Complete diversity exists between Plaintiff and Acceptance because Defendant Black has been improperly joined in this lawsuit.**

2.5    Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). To determine whether the plaintiff can recover against the in-state defendant, the district court can analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim. *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573. The district court may also "pierce the pleadings" and conduct a summary-judgment analysis to identify discrete facts that would preclude recovery against the nondiverse defendant. *Smallwood*, 385 F.3d at 573-74. The latter method is applicable when the plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." *Id.*; *see Gonzalez v. State Auto Prop. & Cas. Ins. Co.*, Civ. Action No. 5:17-CV-60, 2017 WL 2633582, at *2 (S.D. Tex. June 16, 2017).

2.6    Here, Plaintiff has omitted crucial facts about the nature of Defendant Black's involvement in her claim. In her Original Petition, Plaintiff alleges that Black "conducted a substandard inspection" of her property and "ignored obvious damage to the

3

roof and exterior of the structure. *See* Pl.'s Original Pet. ¶ 13. Plaintiff alleges that Black's "estimate also failed to include mandatory overhead and profit." *See id.*

2.7     In connection with the foregoing allegations, Plaintiff then makes claims against Defendant Black under the Texas Insurance Code's Unfair Claim Settlement Practices Act, including that Black:  (1) failed to "conduct a reasonable inspection and investigation of Plaintiff's damages"; (2) stated that "Plaintiff's damages were less severe than they in fact were"; (3) used his "own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages"; (4) failed to "provide an adequate explanation for the inadequate compensation Plaintiff received"; (5) misrepresented "material facts relating to the coverage at issue"; (6) failed to "offer Plaintiff adequate compensation without an explanation as to why full payment was not being made"; (7) "did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses" covered under Plaintiff's policy; (8) failed to "promptly provide Plaintiff with a reasonable explanation of the basis in the Policy . . . for the offer of a compromise settlement"; and (9) failed "within a reasonable time to affirm or deny coverage" of Plaintiff's claim. *See* Pl.'s Original Pet. ¶¶ 35, 37-38.

2.8     But the foregoing claims are only available to plaintiffs against defendants who are individually liable as "persons" under the Insurance Code. *See* TEX. INS. CODE ANN. § 541.003; *see also Dagley v. Haag Engineering Co.*, 18 S.W.3d 787, 792 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  "Person" is defined as "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity *engaged in the business of insurance*, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS.

CODE ANN. § 541.002(2) (emphasis added).  Defendant Black was not engaged in the business of insurance when he was inspecting Plaintiff's property.  He was hired by Acceptance as an outside building inspector to inspect the property and prepare an estimate solely for Acceptance's use and consideration.  *See* Ex. D, Orlando Rodriguez Aff., p. 1. Black is not a licensed adjuster, *see* Pl.'s Original Pet. ¶ 13, and he did not adjust Plaintiff's claims.  *See* Ex. D, Orlando Rodriguez Aff., p. 1.  He did not participate in the sale or servicing of Plaintiff's insurance policy.  *See* Ex. D, Orlando Rodriguez Aff., pp. 1-2. Despite Plaintiff's allegations to the contrary, Black did not make any representations or decisions regarding the coverage of Plaintiff's claims under the policy.  *See id.*; *see also Dagley*, 18 S.W.3d at 793 (holding that an outside engineering firm was not engaged in the business of insurance where it did not adjust the claim, sell or service the policy, or make any coverage decisions).

2.9    In short, Defendant Black was hired to investigate, not adjust, Plaintiff's claim.  3.  He was an employee of a third-party company who merely consulted with Acceptance in the handling of Plaintiff's claim.  The Fifth Circuit Court of Appeals and the Southern District of Texas have held that such outside consultants are not "'persons' engaged in the business of insurance."  *See Gonzalez*, 2017 WL 2633582, at *2 (citing *Michels v. Safeco Ins.*, 544 Fed. App'x 535, 540 (5th Cir. 2013)).  Indeed, the Northern District of Texas "has pointed out that equating the investigating and adjusting of an insurance claim would dramatically expand the coverage of the Texas Insurance Code.  *Id.* at *3 (citing *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co.*, No. 712-CV-00133-O, 2013 WL 5969920, at *3 (N.D. Tex. Nov. 8, 2013)).  Allowing Plaintiffs to expand the scope of the statute in this case would not only be unauthorized under Texas law but would thwart

this Court's jurisdiction by allowing the improperly joined Defendant Black to remain as a party.

2.10     Plaintiff's allegations misstate and omit discrete facts that are determinative of the propriety of the joinder of Defendant Black.  *See Smallwood*, 385 F.3d at 573-74. Because Black was not engaged in the business of insurance when he inspected Plaintiff's property and provided Acceptance with an estimate, he is not liable as a "person" under the Texas Insurance Code, and Plaintiff cannot state a claim against him.  Plaintiff's omission of these crucial facts means that Plaintiffs did not "'state enough facts to state a claim for relief that is plausible on its face.'"  *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570).  And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against'" Defendant Black.  *See id.* at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47).  Defendant Black is an improper party to this lawsuit and should be dismissed by the Court.

2.11     Because Acceptance, a foreign defendant, is the only proper defendant in this action, there is complete diversity of citizenship between the parties.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.     The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

2.12     Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is

determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.13    In her Petition, Plaintiff alleges that she "is seeking monetary relief over $200,000 but not more than $1,000,000." *See* Pl.'s Original Pet. ¶ 5. The face of Plaintiff's Petition establishes that the amount in controversy exceeds this Court's requirements.

### III.  <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1    Defendant Acceptance was first served with Plaintiff's Original Petition and process on October 25, 2017. By filing its Notice on this day, November 22, 2017, Defendant Acceptance files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(d), promptly after Acceptance files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Acceptance files this Notice.

3.5    As an improperly joined party, Defendants Black's consent to this removal is unnecessary. *See Almeida v. Allstate Tex. Lloyds*, No. Civ.A. B-05-202, 2005 WL 3348907, at *5 (S.D. Tex. Dec. 8, 2005) (citing *Farias v. Bexar Cty. Bd. of Trustees for MHMR Servs.*, 925 F.2d 866, 871 (5th Cir. 1991)).

## IV. **CONCLUSION**

4.1     Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Acceptance Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

By:     _/s/ Mikell A. West_____
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    mwest@gnqlawyers.com

**ATTORNEY FOR ACCEPTANCE
INDEMNITY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 22, 2017, a copy of Defendant Acceptance Indemnity Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs.


**<u>VIA CM/RRR # 7016 1970 0000 5544 1602</u>**
Andrew A. Woellner
Michael J. Bins
The Potts Law Firm
3737 Buffalo Speedway, Ste. 1900
Houston, Texas 77098
Email: awoellner@potts-law.com

**<u>VIA CM/RRR # 7016 1970 0000 5544 1558</u>**
Jeffrey L. Hoffman
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
909 Fannin, Suite 3300
Houston, Texas 77010-1011
Email: Jeff.Hoffman@wilsonelser.com


By: ___*/s/ Mikell A. West*___
            Mikell A. West