# Donna Kay M<u>c</u>Kinney

District Clerk  Bexar County

# CERTIFICATE
### (Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

    I, <u>Rosanne Medellin</u>,  Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2017-CI-15694</u> and Styled <u>NAM SUH VS ACCEPTANCE INDEMNITY INSURANCE COMPANY ET AL</u> filed in the <u>285th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

    **GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the November 21, 2017.

*Donna Kay M<sup>c</sup>Kinney*
***Bexar County District Clerk***

By: _____

Rosanne Medellin, Deputy



**EXHIBIT**

**B**

FILED
8/22/2017 11:59 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit cml sac1

Cause No. **2017CI15694**

| | | |
|---|---|---|
| NAM SUH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY and TIMOTHY BLACK, | § | 285 JUDICIAL DISTRICT |
| | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nam Suh, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendants, Acceptance Indemnity Insurance Company ("A.I.I.C.") and Timothy Black, ("Black") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff, Nam Suh, is an individual residing in and/or owning property in Bexar County, Texas.

2.      Defendant, A.I.I.C., is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving the Texas Department of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

1

3.     Defendant, Timothy Black, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail at 2302 Chanay Lane Kingwood, Texas 77339-1054.

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, A.I.I.C., because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of A.I.I.C.'s business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Black, because this defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

2

## FACTS

9.      Plaintiff is the owner of a property insurance policy number CP 00003900 ("the Policy")

issued by A.I.I.C..

10.     Plaintiff owns the insured property located at 5402 W. Military, Bexar County, Texas

(hereinafter referred to as "the Property").  A.I.I.C. sold the Policy insuring the Property to

Plaintiff.

11.     On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas,

causing severe damage to homes and businesses throughout the region ("the Storm") including the

Property.  The Storm damaged the Property, including but not limited to extensive damage to

Plaintiff's roof and interior.

12.     Plaintiff subsequently submitted a claim to A.I.I.C. for the damage the Property sustained

as a result of the Storm.  Plaintiff requested that A.I.I.C. cover the cost of repairs, including but

not limited to replacement of the roof and repair of the Property's interior, pursuant to the Policy.

13.     Defendant A.I.I.C. assigned Allison Hunte as the individual adjuster ("the adjuster") on the

claim. A.I.I.C. and Allison Hunte hired building consultant Timothy Black, who is not licensed to

adjust claims in the state of Texas, to investigate the claim. Both Timothy Black and adjuster

Allison Hunte were improperly trained and failed to perform a thorough investigation of the claim,

spending an inadequate amount of time inspecting Plaintiff's property.  Timothy Black conducted

a substandard inspection of Plaintiff's Property, evidenced by his estimate, which ignored obvious

damage to the roof and exterior of the structure, and led to an extremely low estimate below our

client's deductible. Mr. Black's estimate also failed to include mandatory overhead and profit.

Acceptance Indemnity Insurance Company approved these omissions in order to keep its financial

3

exposure artificially low.

14.     Defendant A.I.I.C. and adjuster Allison Hunte fully adopted Timothy Black's substandard estimate of the claim and coverage decisions regarding what property damage was caused by the hail and windstorm. Defendant A.I.I.C. and Allison Hunte did this while knowing Black was not a licensed adjuster. Neither A.I.I.C. nor Allison Hunte ever physically inspected the property.

15.     Not only was Black and A.I.I.C.'s investigation unfair, it took longer than permitted by the laws of Texas to provide Plaintiff with the claim decision. A.I.I.C. had all the information it needed to properly adjust the claim after Defendant Black inspected the property on April 27, 2017. But Black did not submit his estimate to A.I.I.C. until May 11, 2017, despite not needing or requesting any additional information. A.I.I.C.'s claim decision was not formally stated to the insured until June 13, 2017.

16.     A.I.I.C. and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster, which ultimately led to the approval of an inadequate adjustment and a wrongful partial denial of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was inadequately paid for her damages and has continued to suffer damages.

17.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and/or under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, Plaintiff was wrongfully partially denied on the claim, and Plaintiff has suffered damages. The

4

mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that she is entitled to under the Policy.

16.     As detailed in the paragraphs below, A.I.I.C. wrongfully partially denied Plaintiff's claim for repairs of the Property and inadequately paid Plaintiff for the damages that A.I.I.C. chose to cover, even though the Policy provided for full coverage for losses such as those suffered by Plaintiff.

17.     To date, A.I.I.C. continues to delay in the full payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant A.I.I.C. failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. A.I.I.C.'s conduct constitutes a breach of the insurance contract between A.I.I.C. and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §

5

541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.  Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

24.     Defendant A.I.I.C. failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  A.I.I.C.'s conduct constitutes a

6

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant A.I.I.C. failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. A.I.I.C.'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant A.I.I.C. failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. A.I.I.C.'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant A.I.I.C., the liability of A.I.I.C. to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, A.I.I.C. has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. A.I.I.C.'s conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions A.I.I.C. committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of A.I.I.C. with regard to handling these types of claims. A.I.I.C.'s entire process

7

is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.    Each of the foregoing paragraphs is incorporated by reference in the following:

### I.    Causes of Action Against Timothy Black

32.    A.I.I.C. assigned Black to adjust this claim.  Black was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Black did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Black refused to fully compensate Plaintiff for the full amount Plaintiff is entitled to under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the claim was wrongfully partially denied and inadequately paid.

### A.    Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.    Defendant Black's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.    Defendant Black is individually liable for his unfair and deceptive acts, irrespective of the fact that Black was acting on behalf of A.I.I.C., because Black is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added).  (See also *A.I.I.C.*

8

*Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.    Defendant Black's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant Black's  unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.    TEX. INS. CODE § 541.060(a)(2)(A).

37.    Defendant Black failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.    Specifically, Defendant Black failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.    Furthermore, Defendant Black did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable

9

explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Black's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Black did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to A.I.I.C.. Defendant Black's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

**II.      Causes of Action Against A.I.I.C.**

40.     A.I.I.C. intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

**A.      Breach of Contract**

41.     A.I.I.C. breached the contract of insurance it had with Plaintiff. A.I.I.C. breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

10

42.     Defendant A.I.I.C.'s conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though A.I.I.C.'s liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.     Defendant A.I.I.C.'s unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

11

47.    Defendant A.I.I.C.'s unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

### C.    Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute

48.    Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.    A.I.I.C. failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.    A.I.I.C. failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.    A.I.I.C. delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.    Breach of the Duty of Good Faith and Fair Dealing

52.    A.I.I.C. breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.    Knowledge

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

12

## DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled

13

to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.    Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court cite Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recover from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

14

By:    */s/ Andrew A. Woellner*
         **Andrew A. Woellner**
         SBN:  24060850
         **Michael J. Bins**
         SBN: 24080792
         3737 Buffalo Speedway, Suite 1900
         Houston, Texas 77098
         Telephone (713) 963-8881
         Facsimile (713) 574-2938
         Emails: awoellner@potts-law.com

         **ATTORNEYS FOR PLAINTIFF**

15

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiff by and through their attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

      i.      In the case of a <u>person</u>, to state such person's
           (1)     full name;
           (2)     last known home and business address and home and business telephone number;
           (3)     employer or business affiliation; and
           (4)     occupation and business position held.

16

ii.    In the case of a <u>document</u>, to state:
    (1)   the identity of the person or persons preparing it and the sender;
    (2)   its title or a description of the general nature of the subject matter;
    (3)   the identity of the addressee(s), if any;
    (4)   its date or dates of preparation;
    (5)   its date or dates and manner of distribution and publication, if any;
    (6)   the location of each copy and the identity of its present custodian;
    (7)   the type of document; and
    (8)   all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)   the identity of the person uttering the oral statement;
    (2)   the place at which such oral statement was uttered;
    (3)   the date on which such oral statement was uttered;
    (4)   the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)   the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by Plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

17

not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

<div style="margin-left:40%">

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     */s/ Andrew A. Woellner*
    **Andrew A. Woellner**
    SBN:  24060850
    **Michael J. Bins**
    SBN: 24080792
    3737 Buffalo Speedway, Suite 1900
    Houston, Texas 77098
    Telephone (713) 963-8881
    Facsimile (713) 574-2938
    Email: awoellner@potts-law.com

**ATTORNEYS   FOR PLAINTIFF**

</div>

18

## INTERROGATORIES TO ACCEPTANCE INDEMNITY INSURANCE COMPANY

1.  Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

    **ANSWER**

2.  Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

    **ANSWER**

3.  Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

    **ANSWER**

4.  State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

    **ANSWER**

5.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

    **ANSWER**

6.  At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

    **ANSWER**

7.  Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

    **ANSWER**

19

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

20

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

21

**REQUEST FOR PRODUCTION TO ACCEPTANCE INDEMNITY INSURANCE COMPANY**

1.    The following insurance documents issued for the Properties as identified in the Petition:

    a.    the policy at issue for the date of loss as identified in the Petition; and

    b.    the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.    All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:

4.    All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:

5.    All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

22

6.    All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:


7.    All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:


8.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:


9.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:


23

11.   A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:


12.   All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:


13.   All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:


14.   If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:


15.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:


24

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

25

22.   Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 21 above.

RESPONSE:


23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.   Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25    All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.   All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

26

28.   All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:


29.   To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:


30.   If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:


27

## INTERROGATORIES TO DEFENDANT TIMOTHY BLACK

1.  Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.  Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.  Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.  Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.  Identify the following dates:

    a.  The date You first obtained an adjuster license in the State of Texas;

    b.  The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

    c.  The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

    d.  The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

28

6.  Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

   a.  The name and job title of any person who inspected the Properties with You;

   b.  The date of each inspection;

   c.  The purpose of each inspection;

   d.  The length of time of each inspection;

   e.  The equipment or tools used during each inspection;

   f.  The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

   g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.  Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person, written communication) with Plaintiff? If yes, provide the following information:

   a.  the date of such communication(s);

   b.  the manner of such communication(s);

   c.  the person to whom You communicated;

   d.  the reason for the communication(s);

   e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

   f.  the general substance of the communication.

RESPONSE:


29

8.    Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:


9.    For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.   To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.   Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.   How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:


13.   Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

30

14.    Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made. the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15.    Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.    To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.    Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

31

## REQUESTS FOR PRODUCTION TO DEFENDANT TIMOTHY BLACK

1.  All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.  All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.  All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.  All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:

5.  All resumes for the last 5 years.

RESPONSE:

6.  All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

32

7.    All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:


8.    To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


9.    To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


10.   All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


11.   All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:


12.   All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:


33

13.    All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

14.    All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

15.    All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

16.    All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.    All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

18.    All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

34

19.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


20.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


21.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:


35

# CIVIL CASE INFORMATION SHEET (REV. 2/13)

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Andrew A. Woellner | Email: awoellner@potts-law.com | Plaintiff(s)/Petitioner(s): Nam Suh | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 3733 Buffalo Speedway #1900 | Telephone: 713-963-8881 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77098 | Fax: 713-583-5388 | Defendant(s)/Respondent(s): Acceptance Indemnity Insurance Company and Timothy Black | Custodial Parent: Non-Custodial Parent: |
| Signature: | State Bar No: 24060850 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☒ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☒ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order |
| | | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1):***

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case):***
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000



Cause Number: _____

District Court : _____

# Donna Kay Mᶜ Kinney
# Bexar County District Clerk

## Request for Process

**Style:** Nam Suh _____ **Vs.** Acceptance Indemnity Insurance Company and Timothy Black

**Request the following process:** (Please check all that Apply)

☑ Citation ☑ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Acceptance Indemnity Insurance Company

**Registered Agent/By Serving:** Texas Department of Insurance
**Address** 333 Guadalupe Street, Austin, TX 78701

**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☑ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**2.**
**Name:** Timothy Black

**Registered Agent/By Serving:** Timothy Black
**Address** 2302 Chanay Lane Kingwood, TX 77339

**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☑ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**3.**
**Name:** _____

**Registered Agent/By Serving:** _____
**Address** _____

**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**4.**
**Name:** _____

**Registered Agent/By Serving:** _____
**Address** _____

**Service Type:** (Check One) ☐ Private Process ☐ Sheriff ☐ Commissioner of Insurance ☐ SA Express News ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail ☐ Registered Mail ☐ Out of County ☐ Secretary of State ☐ Constable Pct __
(Pct. 3 serves process countywide)

**Title of Document/Pleading to be Attached to Process:** Original Petition _____

**Name of Attorney/Pro se:** Andrew A. Woellner _____ **Bar Number:** 24060850 _____
**Address:** 3737 Buffalo Speedway Suite 1900 _____ **Phone Number:** 713-963-8881 _____
Houston, TX 77098 _____

**Attorney for Plaintiff** X _____ **Defendant** _____ **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

CERTIFIED MAIL #70162070000075205761



**Case Number: 2017-CI-15694**

2017CI15694 S00001

**NAM SUH**

vs.

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants)

**CITATION**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



**"THE STATE OF TEXAS"**

**DIRECTED TO:**     TIMOTHY BLACK

2302 CHANAY LANE
KINGWOOD TX 77339-1054

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said  CITATION with ORIGINAL PETITION   was filed on the 22nd day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH  DAY OF August A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Edgar Garcia,* Deputy

*m/o   8/29/17*

---

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 29th day of August 2017, A.D., at  9:46 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by delivering to: _____ at 2302 CHANAY LANE KINGWOOD TX 77339-1054 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX
By : *Edgar Garcia,* Deputy

FILE COPY (DK003)

**DOCUMENT  SCANNED  AS  FILED**

CERTIFIED MAIL #70162070000075205761



**Case Number: 2017-CI-15694**

2017CI15694  S00001

**NAM SUH**

vs.

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note. Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



**"THE STATE OF TEXAS"**

**DIRECTED TO:**     TIMOTHY BLACK

2302 CHANAY LANE
KINGWOOD TX 77339-1054

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION was filed on the 22nd day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29TH DAY OF August A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Edgar Garcia,* Deputy

---

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 29th day of August 2017, A.D., at 9:46 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the __1ʳᵗ__ day of __september__ 20 __17__ by delivering to:  Timothy F Black _____ at 2302 CHANAY LANE KINGWOOD TX 77339-1054 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX

By: *Edgar Garcia,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

$

TIMOTHY BLACK
2302 CHANAY LANE
KINGWOOD, TX  77339-1054

7016 2070 0000 7520 5761

AUG 30 2017
Postmark
Here
SAN ANTONIO, TX

2017CI15694  8/29/2017  CITCM  EDGAR GARCIA
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TIMOTHY BLACK
2302 CHANRY LANE
KINGWOOD - TX   77339-1054

2017C115694   8/29/2017   CITEN EDGAR GARCIA

9590 9402 1978 6123 2273 21

2. Article Number (Transfer from service label)

7016 2070 0000 7520 5761

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Timothy F Black

C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

DOCUMENT SCANNED AS FILED

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 SEP 11 A 10: 37

DEPUTY

* Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite
San Antonio, TX 78

USPS TRACKING #:

9590 9402 1978 6123 2273 21

United States
Postal Service

FILED
10/13/2017 3:01 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Eneyda Contreras-Imperial

**Cause No. 2017CI15694**

| | | |
|---|---|---|
| NAM SUH, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY and TIMOTHY | § | |
| PAUL BLACK, | § | |
| *Defendants* | § | 285th  JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nam Suh, Plaintiff (hereinafter referred to as "Plaintiff"), and files this Original Petition against Defendants, Acceptance Indemnity Insurance Company ("A.I.I.C.") and Timothy Paul Black. ("Black") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.     Plaintiff, Nam Suh, is an individual residing in and/or owning property in Bexar County, Texas.

2.     Defendant, A.I.I.C., is a foreign corporation organized and existing under the laws of the State of Nebraska but licensed with the Texas Department of Insurance to sell insurance in the State of Texas. At all times material to this action, Acceptance does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of this citation may be made in this cause. The causes of action arise out of this defendant's business activities in Texas. This defendant may be served by serving the Texas State Insurance Commissioner, by certified mail, return receipt requested, at P.O. Box 149104, Austin, Texas 78714. The Commissioner may

1

forward citation and the petition to this defendant by mailing its address and/or principal place of business: 1314 Douglas Street Suite 1600, Omaha, Nebraska 68102.

3.      Defendant, Timothy Paul Black, is an individual residing in and domiciled in the State of Texas. This defendant may be served via process server at 10220 Memorial Drive Apartment #18 Houston, Texas 77024.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, A.I.I.C., because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of A.I.I.C.'s business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Black, because this defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of Defendant's business activities in the State of Texas.

2

## VENUE

8.     Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar

County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy number CP 00003900 ("the Policy")

issued by A.I.I.C..

10.    Plaintiff owns the insured property located at 5402 W. Military, Bexar County, Texas

(hereinafter referred to as "the Property").  A.I.I.C. sold the Policy insuring the Property to

Plaintiff.

11.    On or about April 12, 2016, a hail storm and/or windstorm struck Bexar County, Texas,

causing severe damage to homes and businesses throughout the region ("the Storm") including the

Property.  The Storm damaged the Property, including but not limited to extensive damage to

Plaintiff's roof and interior.

12.    Plaintiff subsequently submitted a claim to A.I.I.C. for the damage the Property sustained

as a result of the Storm.  Plaintiff requested that A.I.I.C. cover the cost of repairs, including but

not limited to replacement of the roof and repair of the Property's interior, pursuant to the Policy.

13.    Defendant A.I.I.C. assigned Allison Hunte as the individual adjuster ("the adjuster") on the

claim. A.I.I.C. and Allison Hunte hired building consultant Timothy Black, who is not licensed to

adjust claims in the state of Texas, to investigate the claim and estimate damage. Both Timothy

Black and adjuster Allison Hunte were improperly trained and failed to perform a thorough

investigation of the claim, spending an inadequate amount of time inspecting Plaintiff's property.

Hunte failed to even attempt to investigate the claim or inspect the property.  Timothy Black

3

conducted a substandard inspection of Plaintiff's Property, evidenced by his estimate, which ignored obvious damage to the roof and exterior of the structure, and led to an extremely low estimate below our client's deductible. Mr. Black's estimate also failed to include mandatory overhead and profit. Acceptance Indemnity Insurance Company approved these omissions in order to keep its financial exposure artificially low.

14.     Defendant A.I.I.C. and adjuster Allison Hunte fully adopted Timothy Black's substandard estimate of the claim and coverage decisions regarding what property damage was caused by the hail and windstorm. Defendant A.I.I.C. and Allison Hunte did this while knowing Black was not a licensed adjuster. Neither A.I.I.C. nor Allison Hunte ever physically inspected the property.

15.     Not only was Black and A.I.I.C.'s investigation unfair, it took longer than permitted by the laws of Texas to provide Plaintiff with the claim decision. A.I.I.C. had all the information it needed to properly adjust the claim after Defendant Black inspected the property on April 27, 2017. But Black did not submit his estimate to A.I.I.C. until May 11, 2017, despite not needing or requesting any additional information.  A.I.I.C.'s claim decision was not formally stated to the insured until June 13, 2017.

16.     A.I.I.C. and its personnel failed to thoroughly review and properly supervise the work of their assigned adjuster, which ultimately led to the approval of an inadequate adjustment and a wrongful partial denial of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was inadequately paid for her damages and has continued to suffer damages.

17.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and/or under-

4

scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, Plaintiff was wrongfully partially denied on the claim, and Plaintiff has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that she is entitled to under the Policy.

16.     As detailed in the paragraphs below, A.I.I.C. wrongfully partially denied Plaintiff's claim for repairs of the Property and inadequately paid Plaintiff for the damages that A.I.I.C. chose to cover, even though the Policy provided for full coverage for losses such as those suffered by Plaintiff.

17.     To date, A.I.I.C. continues to delay in the full payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant A.I.I.C. failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. A.I.I.C.'s conduct constitutes a breach of the insurance contract between A.I.I.C. and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

5

20.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.    Defendant A.I.I.C. failed to meets it obligations under the Texas Insurance Code regarding

6

timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. A.I.I.C.'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant A.I.I.C. failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. A.I.I.C.'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant A.I.I.C. failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. A.I.I.C.'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant A.I.I.C., the liability of A.I.I.C. to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, A.I.I.C. has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. A.I.I.C.'s conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

7

30.     Plaintiff's experience is not an isolated case.  The acts and omissions A.I.I.C. committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of A.I.I.C. with regard to handling these types of claims.  A.I.I.C.'s entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

<div align="center">

**CAUSES OF ACTION**

</div>

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.     Causes of Action Against Timothy Black**

32.     A.I.I.C. assigned Hunte who retained Black to adjust this claim.  Black was not trained as an adjuster and he performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Black did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Black refused to fully compensate Plaintiff for the full amount Plaintiff is entitled to under the Policy, partly as a result of him not being licensed and not having the training as an insurance adjuster despite acting as one.  The outcome-oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the claim was wrongfully partially denied and inadequately paid.

**A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

33.     Defendant Black's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

<div align="center">

8

</div>

34.    Defendant Black is individually liable for his unfair and deceptive acts, irrespective of the fact that Black was acting on behalf of A.I.I.C., because Black is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added).  (See also *A.I.I.C. Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.    Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Black's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.    Defendant Black's  unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

9

37.     Defendant Black failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Black failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Black did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Black's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Black did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to A.I.I.C..  Defendant Black's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against A.I.I.C.

40.     A.I.I.C. intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

10

41.     A.I.I.C. breached the contract of insurance it had with Plaintiff. A.I.I.C. breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.     Defendant A.I.I.C.'s conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though A.I.I.C.'s liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

45.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

11

46.     Defendant A.I.I.C.'s unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant A.I.I.C.'s unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7). Defendant A.I.I.C.'s practice of hiring an unlicensed adjuster to adjust an insurance claim is wholly unreasonable and constitutes an unfair and deceptive act or practice in the business of insurance.

C.     **Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     A.I.I.C. failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     A.I.I.C. failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     A.I.I.C. delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

D.     **Breach of the Duty of Good Faith and Fair Dealing**

12

52.     A.I.I.C. breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E.     Knowledge

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages.  TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the

13

amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.    Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court cite Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants

14

and recover from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    */s/ Andrew A. Woellner*
        **Andrew A. Woellner**
        SBN: 24060850
        **Michael J. Bins**
        SBN: 24080792
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

15

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service. Serve answers to the requests on Plaintiff by and through their attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

    i.      In the case of a <u>person</u>, to state such person's
        (1)     full name;
        (2)     last known home and business address and home and business telephone number;
        (3)     employer or business affiliation; and
        (4)     occupation and business position held.

16

ii.  In the case of a <u>document</u>, to state:
    (1)  the identity of the person or persons preparing it and the sender;
    (2)  its title or a description of the general nature of the subject matter;
    (3)  the identity of the addressee(s), if any;
    (4)  its date or dates of preparation;
    (5)  its date or dates and manner of distribution and publication, if any;
    (6)  the location of each copy and the identity of its present custodian;
    (7)  the type of document; and
    (8)  all characteristics by which that document might be distinguished from any other document.

iii.  In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)  the identity of the person uttering the oral statement;
    (2)  the place at which such oral statement was uttered;
    (3)  the date on which such oral statement was uttered;
    (4)  the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)  the substances of the oral statement.

7.  "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.  "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.  "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.  "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.  "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.  "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by Plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

17

not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        **Michael J. Bins**
        SBN: 24080792
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Email: awoellner@potts-law.com

**ATTORNEYS   FOR PLAINTIFF**

18

## INTERROGATORIES TO ACCEPTANCE INDEMNITY INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **ANSWER**

19

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

**ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

**ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

**ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

**ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

**ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

**ANSWER**

14. State the Date Defendant first anticipated litigation.

**ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

**ANSWER**

20

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

21

## REQUEST FOR PRODUCTION TO ACCEPTANCE INDEMNITY INSURANCE COMPANY

1.      The following insurance documents issued for the Properties as identified in the Petition:

   a.      the policy at issue for the date of loss as identified in the Petition; and

   b.      the policy declarations page for the 3 years preceding the storm.

RESPONSE:


2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:


22

6.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.   All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.   All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.   Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

23

11.  A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.  All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.  All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of Plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.  If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.  Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

24

16.   All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.   All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.   All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.   All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.   Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.   All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

25

22.   Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:


23.   For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.   Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25   All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.   All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.   All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

29.    To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

30.    If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

31.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

27

## INTERROGATORIES TO DEFENDANT TIMOTHY BLACK

1.   Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.   Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.   Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.   Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.   Identify the following dates:

   a.   The date You first obtained an adjuster license in the State of Texas;

   b.   The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c.   The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d.   The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

28

6.  Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

    a.  The name and job title of any person who inspected the Properties with You;

    b.  The date of each inspection;

    c.  The purpose of each inspection;

    d.  The length of time of each inspection;

    e.  The equipment or tools used during each inspection;

    f.  The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

    g.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.  Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person, written communication) with Plaintiff? If yes, provide the following information:

    a.  the date of such communication(s);

    b.  the manner of such communication(s);

    c.  the person to whom You communicated;

    d.  the reason for the communication(s);

    e.  for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

    f.  the general substance of the communication.

RESPONSE:

29

8.  Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:

9.  For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:

10. To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:

11. Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:

12. How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:

13. Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

30

14. Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:

15. Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16. To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17. Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

31

## REQUESTS FOR PRODUCTION TO DEFENDANT TIMOTHY BLACK

1.    All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:

2.    All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:

3.    All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:

4.    All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:

5.    All resumes for the last 5 years.

RESPONSE:

6.    All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

32

7.     All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:

8.     To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

9.     To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:

10.    All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

11.    All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:

12.    All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

33

13.   All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

14.   All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

15.   All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

16.   All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

17.   All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

18.   All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

34

19.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

20.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:

21.   If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

35

2 cilcml tcl/sac 2

FILED
10/13/2017 2:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Eneyda Contreras-Imperial

**Cause Number:** 2017CI15694

**District Court :** 285th



# Donna Kay MᶜKinney
# Bexar County District Clerk

## Request for Process

**Style:** Nam Suh _____ **Vs.** Acceptance Indemnity Insurance Company and Timothy Black

**Request the following process:** (Please check all that Apply)

■ Citation ■ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept with*out* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**

**Name:** Acceptance Indemnity Insurance Company

**Registered Agent/By Serving:** Texas State Insurance Commissioner

**Address** P.O. Box 149104 Austin, Texas 78714

**Service Type:** (Check One) ☐ Private Process  ☐ Sheriff  ☐ Commissioner of Insurance  ☐ SA Express News  ☐ Hart Beat ☐ Courthouse Door
■ Certified Mail  ☐ Registered Mail  ☐ Out of County  ☐ Secretary of State  ☐ Constable Pct __
(Pct. 3 serves process countywide)

**2.**

**Name:** Timothy Paul Black

**Registered Agent/By Serving:** Timothy Paul Black

**Address** 10220 Memorial Drive Apt. 18 Houston, Texas 77024

**Service Type:** (Check One) ☐ Private Process  ☐ Sheriff  ☐ Commissioner of Insurance  ☐ SA Express News  ☐ Hart Beat ☐ Courthouse Door
■ Certified Mail  ☐ Registered Mail  ☐ Out of County  ☐ Secretary of State  ☐ Constable Pct __
(Pct. 3 serves process countywide)

**3.**

**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐ Private Process  ☐ Sheriff  ☐ Commissioner of Insurance  ☐ SA Express News  ☐ Hart Beat ☐ CourthouseDoor
☐ Certified Mail  ☐ Registered Mail  ☐ Out of County  ☐ Secretary of State  ☐ Constable Pct __
(Pct. 3 serves process countywide)

**4.**

**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐ Private Process  ☐ Sheriff  ☐ Commissioner of Insurance  ☐ SA Express News  ☐ Hart Beat ☐ Courthouse Door
☐ Certified Mail  ☐ Registered Mail  ☐ Out of County  ☐ Secretary of State  ☐ Constable Pct __
(Pct. 3 serves process countywide)

**Title of Document/Pleading to be Attached to Process:** Original Petition

**Name of Attorney/Pro se:** Andrew A. Woellner _____ **Bar Number:** 24060850

**Address:** 3737 Buffalo Speedway Suite 1900 _____ **Phone Number:** 713-963-8881

Houston, TX 77098

**Attorney for Plaintiff** X_____ **Defendant** _____ **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

CERTIFIED MAIL #70163010000045827790

**Case Number: 2017-CI-15694**

2017CI15694  S00003

**NAM SUH**

vs.

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** TIMOTHY PAUL BLACK

10220 MEMORIAL DRIVE APT 18
HOUSTON TX 77024

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION , a default judgment may be taken against you." Said CITATION with FIRST AMENDED PETITION was filed on the 13th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF October A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Eneyda Contreras-Imperial,* Deputy

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 20th day of October 2017, A.D., at 2:11 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by delivering to: _____ at 10220 MEMORIAL DRIVE APT 18 HOUSTON TX 77024 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with FIRST AMENDED PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX

By : *Eneyda Contreras-Imperial,* Deputy

Case Number: 2017CI15694

Document Type: ENTIRE FILE CERTIFIED

Page 79 of 105

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

CERTIFIED MAIL #70163010000045827783

**Case Number: 2017-CI-15694**

2017CI15694  S00002

**NAM SUH**

vs.

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**  ACCEPTANCE INDEMNITY INSURANCE COMPANY
BY SERVING THE TEXAS STATE INSURANCE COMMISSIONER

1314 DOUGLAS ST 1600
OMAHA NB 68102

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION , a default judgment may be taken against you." Said  CITATION with FIRST AMENDED PETITION  was filed on the 13th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH  DAY OF October A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Eneyda Contreras-Imperial,* Deputy

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number : 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 20th day of October 2017, A.D., at 2:10 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 1314 DOUGLAS ST 1600 OMAHA NB 68102 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with FIRST AMENDED PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX

By : *Eneyda Contreras-Imperial,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

CERTIFIED MAIL #70163010000045827783

Case Number: 2017-CI-15694

2017CI15694   S00002

**NAM SUH**

**vs.**

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

FILED
O'CLOCK A M

OCT 3 0 2017

DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY: _____
DEPUTY

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   ACCEPTANCE INDEMNITY INSURANCE COMPANY
BY SERVING THE TEXAS STATE INSURANCE COMMISSIONER

1314 DOUGLAS ST 1600
OMAHA NB 68102

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION , a default judgment may be taken against you." Said CITATION with FIRST AMENDED PETITION was filed on the 13th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF October A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Eneyda Contreras-Imperial,* Deputy

---

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 20th day of October 2017, A.D., at 2:10 o'clock P.M, and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 25 day of OCT 20 17, by delivering to: Charles Rodriquez at 1314 DOUGLAS ST 1600 OMAHA NB 68102 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with FIRST AMENDED PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX

By : *Eneyda Contreras-Imperial,* Deputy

Case Number: 2017CI15694

Document Type: ENTIRE FILE CERTIFIED

Page 81 of 105

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $          Postmark
☐ Certified Mail Restricted Delivery $        Here
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $
Postage
$

ACCEPTANCE INDEMNITY INSURANCE COMPANY
BY SERVING THE TEXAS STATE INSURANCE
COMMISSIONER
PO BOX 149104
AUSTIN, TX 78714
2017CI15694  10/20/2017  C1TCM  ENEYUH CONTRERAS-IMP

PS Form 3800, April 2015 PSN 7530-02-000-8047   See Reverse for Instructions

7016 3010 0000 4582 7783

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ACCEPTANCE INDEMNITY INSURANCE COMPANY
BY SERVING THE TEXAS STATE INSURANCE
COMMISSIONER
P O BOX 149104
AUSTIN, TX 78714

2017C115694   10/20/2017   CIICM ENEYDA CONTRERAS-IMP

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3026 7124 9813 66

2. Article Number (Transfer from service label)
7016 3010 0000 4582 7783

PS Form 3811, July 2015   DOCUMENT SCANNED AS FILED

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Charlie Narges_  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Charles Rodriguez              OCT 2 5 2017

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 3026 7124 9813 66

United States
Postal Service

● Sender: Please print your name, address, and ZIP+4® in this box●

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2017 OCT 30 A 8 55
DEPUTY

CERTIFIED MAIL #70163010000045827790

**Case Number: 2017-CI-15694**

2017CI15694   S00003

**NAM SUH**

**vs.**

**ACCEPTANCE INDEMNITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants)

**CITATION**

IN THE DISTRICT COURT
285th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   TIMOTHY PAUL BLACK

**FILED**
'clock A M

OCT 3 0 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Tex.
BY
DEPUTY

10220 MEMORIAL DRIVE APT 18
HOUSTON TX 77024

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and FIRST AMENDED PETITION , a default judgment may be taken against you." Said CITATION with FIRST AMENDED PETITION was filed on the 13th day of October, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF October A.D., 2017.

ANDREW A WOELLNER
ATTORNEY FOR PLAINTIFF
3737 BUFFALO SPEEDWAY 1900
HOUSTON, TX 77098



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Eneyda Contreras-Imperial,* Deputy

NAM SUH
vs
ACCEPTANCE INDEMNITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2017-CI-15694
Court:285th Judicial District Court

Came to hand on the 20th day of October 2017, A.D., at 2:11 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ___ day of ___ 20___, by delivering to: see green card for sig : at 10220 MEMORIAL DRIVE APT 18 HOUSTON TX 77024 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with FIRST AMENDED PETITION .

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, TX

By : *Eneyda Contreras-Imperial,* Deputy

Case Number: 2017CI15694

Document Type: ENTIRE FILE CERTIFIED

Page 85 of 105

RETURN TO COURT (DK003)

**DOCUMENT SCANNED AS FILED**



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

TIMOTHY PAUL BLACK
10220 MEMORIAL DRIVE APT 18
HOUSTON, TX 77024

78204        SAN ANTONIO, TX

2017CI15694  10/20/2017  CITCM  ENEYDA CONTRERAS IMP

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7016 3010 0000 4582 7790

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TIMOTHY PAUL BLACK
10220 MEMORIAL DRIVE APT 18
HOUSTON, TX  77024

2017C115694 · 10/20/2017  CITCM  ENEYDA CONTRERAS SRP

9590 9402 3026 7124 9813 97

2. Article Number (Transfer from service label)

7016 3010 0000 4582 7790

PS Form 3811, July 2015

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

SCANNED AS FILED

DOCUMENT NUMBER-905



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED
DONNA KAY MCKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 OCT 30  A 8 56

DEPUTY

Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

USPS TRACKING #

9590 9402 3026 7124 9813 97

United States
Postal Service

Case Number: 2017CI15694

Document Type: ENTIRE FILE CERTIFIED

Page 88 of 105

FILED
11/17/2017 12:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Ruby Barron

CAUSE NO. 2017CI15694

| | | |
|---|---|---|
| NAM SUH | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF BEXAR COUNTY, TEXAS |
| | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY AND TIMOTHY PAUL BLACK | § | |
| | § | |
| Defendants. | § | 285TH JUDICIAL DISTRICT |

## TIMOTHY PAUL BLACK'S ORIGINAL ANSWER
## AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant TIMOTHY PAUL BLACK ("Black") and files and serves this, its Original Answer and Special Exceptions to Plaintiff's First Amended Petition, and would respectfully show the Court and jury as follows:

I.

Subject to such stipulations as may hereafter be made, Defendant Black asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove his charges and allegations against him by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

II.

Pleading further, and in the alternative, Defendant Black states that the occurrence in question as well as the damages complained of herein were caused, in whole or in part, by the acts, omissions, fault, negligence, responsibility or other conduct on the part of Plaintiff. By

reason thereof, Defendant Black states that his legal liability herein, if any, is as prescribed under the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, § 33.001 *et seq.*

### III.

Pleading further, and in the alternative, Defendant Black asserts that the incident and damages made the basis of this suit were caused by the negligence or fault of third-parties for whom Defendant Black is not legally responsible.

### IV.

Pleading further, and in the alternative, Defendant Black asserts that Plaintiff's claims are barred because of his failure to mitigate damages.

### V.

Pleading further, and in the alternative, Defendant Black states that discovery in this case may show that the matters and events which are the subject of this lawsuit were the result of new, independent, superseding and/or intervening causes.

### VI.

Pleading further, and in the alternative, Defendant Black would show that to the extent that Plaintiff has been paid on its claim, Defendant Black is entitled to a credit as to all payments made to Plaintiff by Acceptance Indemnity Insurance Company ("Acceptance").

VII.

Pleading further, and in the alternative, Defendant Black would show that the damages complained of by Plaintiff were the result of risks that were either not insured against or were expressly excluded from coverage under the insurance policy issued by Acceptance and made the basis of this suit.

VIII.

Pleading further, and in the alternative, Defendant Black pleads that in the unlikely event he is found liable to the Plaintiff herein, any such liability being expressly denied, Defendant Black is entitled to contribution, credit and/or indemnity, as provided by the laws and statutes of the State of Texas, including, but not limited to the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, as well as other applicable laws and statutes.

IX.

Pleading further, and in the alternative, Defendant Black would show that the insurance policy issued by Acceptance and made the basis of Plaintiff's claims imposes on Plaintiff certain material conditions in case of loss which were violated by Plaintiff.  In particular, the policy issued by Acceptance requires the Plaintiff to appraise its loss with the insurer in case an impasse occurs in determining the amount of the loss.  Plaintiff violated this conditions to the detriment of all Defendants.

X.

Pleading further and in the alternative, Defendant Black invokes the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning all claims of gross

negligence and exemplary damages including but not limited to: 41.003(b) clear and convincing evidence burden of proof; 41.003(a) and 41.001(7)(b) definition or culpable acts or omissions; 41.003(c) proximate causation; 41.003(d) requiring a unanimous finding by the jury as to liability and amount of exemplary damages; 41.007 and 41.008 limitation on recovery and pre-judgment interest; and 41.009 bifurcation for the trial of these issues.

## XI.

Pleading further and in the alternative, Defendant Black further asserts that Plaintiff cannot recover punitive damages because present Texas law under which such damages are sought is impermissibly vague, imprecise and inconsistent and is in violation of the due process clause of the United States Constitution as well as the Fifth and Fourteenth Amendments. To the extent it seeks recovery of punitive damages, Plaintiff's Petition violates Defendant Black's right to equal protection as provided in Article I, Section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. To the extent Plaintiff seeks recovery of punitive damages, it is an excessive fine and violates Defendant Black's rights under Article I, Section 13 of the Texas Constitution. To the extent it seeks recovery of punitive damages, Plaintiff's Petition violates Defendant Black' rights to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution.

## XII.

Pleading further and in the alternative, Defendant Black asserts that Plaintiff's claims were the result of a bona fide dispute with respect to coverage and obligations under the contract made the basis of Plaintiff's claims.

## SPECIAL EXCEPTIONS

Having answered the allegations made by Plaintiff, Defendant Black now asserts the following Special Exceptions to Plaintiff's Original Petition:

1.      Defendant Black specially excepts to Plaintiff's First Amended Petition in its entirety because it fails to state a claim upon which relief can be granted and should be dismissed with prejudice. In this regard, Defendant Black would show that he is a building consultant and not an adjuster. He is not engaged in the business of insurance or in the adjustment of insurance claims. Defendant Black was retained by Acceptance, as part of its investigation into Plaintiff's claim, to inspect the Plaintiff's premises and to prepare an estimate for the reasonable cost of repair for all hail damage he observed, which he provided to Acceptance for its sole and exclusive use and consideration. He made no effort to determine coverage for Plaintiff's claim or to make any decision about what, if anything, should be paid to Plaintiff under any insurance policy. Moreover, Black was not retained by Plaintiff to perform any service for him and has no relationship to wither Plaintiff or his premises beyond inspecting Plaintiff's premises and preparing an estimate to repair the observed hail damage. Consequently, Plaintiff has no cognizable cause of action against Defendant Black because Black owed no legal duty to him. See *Dugley v. Haag Engineering*, 18 S.W.3d 787, 791-93 (Tex. App. - Houston [14th Dist.] 2000, no pet.); *Nitzsche v. Teams of Texas*, 2007 Tex. App. LEXIS 2406, (Tex. App. – Houston [14th Dist.] 2007); *Sears Roebuck & Co. v. ACM Engineering & Environmental Services Co.,* 2012 Tex. App. LEXIS 2605 (Tex. App. – Houston [14th Dist.] 2012); *Muniz v. State Farm Lloyds,* 974 S.W. 2d 229 (Tex. App. – San Antonio 1998).

2.      Defendant Black further specially excepts to Plaintiff's allegations in paragraph 19 of Plaintiff's First Amended Petition wherein it is alleged that "Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy even though the damage was caused by a covered occurrence" on the ground that such allegation is too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against him. Plaintiff does not identify any specific damage or statement relating to coverage that was allegedly misrepresented by Defendant Black or how such alleged misrepresentation was a producing cause of any damage to Plaintiff.  As a result, Plaintiff should be ordered to replead its allegations with greater particularity.

3.      Defendant Black specially excepts to Plaintiff's allegations in Paragraph 20 of Plaintiff's First Amended Petition wherein it is alleged generally that Defendant Black violated the Texas Insurance Code by failing "to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy" on the ground that such allegations are too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against him.  Plaintiff does not identify any specific act or omission that Defendant Black did or failed to do or at what point in time he should have taken such acts in order to "make an attempt to settle Plaintiff's claim in a fair manner" or what liability he Defendant Black could possibly have to Plaintiff "under the Policy" since he was not a party to the Policy and had no authority to make any settlement offer to Plaintiff or even opine on Plaintiff's coverage.  As a result, Plaintiff should be ordered to replead its allegations with greater particularity.

3.      Defendant Black specially except to Plaintiff's allegations in 21 of Plaintiff's First Amended Petition wherein it is alleged generally that Defendant Black violated the Texas

Insurance Code by failing "to offer Plaintiff adequate compensation without any explanation why full payment was not being made"; failing to "communicate that any future settlements or payments would be forthcoming"; and failing to "provide any explanation for the failure to adequately settle Plaintiff's claim" on the ground that such allegations are too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against him. Plaintiff does not identify any duty or authority Defendant Black had to make any such "communication", "statement", or "explanation" to Plaintiff. As a result, Plaintiff should be ordered to replead its allegations with greater particularity.

4.     Defendant Black specially except to Plaintiff's allegations in Paragraph 22 of Plaintiff's First Amended Petition wherein it is alleged generally that Defendant Black violated the Texas Insurance Code by failing "to affirm or deny coverage of Plaintiff's claim within a reasonable time" or provide an "acceptance or rejection, regarding the full and entire claim, in writing" on the ground that such allegations are too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against him. Plaintiff fails to identify any source of obligation owed by Defendant Black to Plaintiff to make any such statements since Defendant Black had no contractual relationship to Plaintiff and no authority from Acceptance to make any such statements. Moreover, Plaintiff has failed to identify any authority of Defendant Black to make final coverage decisions or to affirm or deny whether or to what extent Plaintiff's claim might be covered. As a result, Plaintiff should be ordered to replead its allegations with greater particularity.

5.     Defendant Black specially except to Plaintiff's allegations in Paragraph 23 of Plaintiff's First Amended Petition wherein it is alleged generally that Defendant Black violated the Texas Insurance Code by refusing "to fully compensate Plaintiff, under the terms of the Policy, even

though Defendants failed to conduct a reasonable investigation" on the ground that such allegations are too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against him.  Plaintiff does not identify any specific facts that it claims constituted an unreasonable investigation nor does it allege any facts to suggest that Defendant Black had any authority or duty to pay Plaintiff's claim since he were not a party to the contract of insurance between Plaintiff and Acceptance.

6.      Defendant Black specially excepts to Plaintiff's allegations in Paragraph 28 of Plaintiff's Original Petition wherein Plaintiff alleges that Defendant Black "made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff" on the ground that such allegation is too vague and general to allow Defendant Black to ascertain the nature of the claims being asserted against it.  Plaintiff does not identify any specific statement made by Defendant Black that it claims was untrue (notwithstanding Plaintiff's reference to nonexistent "misrepresentations described above"), any specific material fact which was hidden or concealed by Defendant Black, the manner in which any statement was made which misled Plaintiff, or how such alleged misrepresentation was a producing cause of any damage to Plaintiff.  As a result, Plaintiff should be ordered to replead its allegations with greater particularity.

WHEREFORE, PREMISES CONSIDERED, Defendant, TIMOTHY PAUL BLACK prays Plaintiff take nothing by reason of this suit and that Defendant be allowed to go hence without delay and recover all costs. Defendant further prays for all such other and further relief, general and special, at law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP.**

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman
Texas State Bar No. 09781770
Jeff.hoffman@wilsonelser.com
909 Fannin, Suite 3300
Houston, Texas 77010-1011
(713) 353-2000
(713) 785-7780 – Fax

**ATTORNEYS FOR DEFENDANT
TIMOTHY PAUL BLACK**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by E-File, Hand Delivery, Certified Mail, Return Receipt Requested, regular mail and/or facsimile, on November 17, 2017, upon the following counsel-of record:

Andrew A. Wollner
Michael J. Bins
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, TX 77098

/s/ Jeffrey L. Hoffman
Jeffrey L. Hoffman

FILED
11/20/2017 9:06 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Ruby Barron

CAUSE NO. 2017CI15694

| | | |
|---|---|---|
| NAM SUH | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY AND TIMOTHY PAUL BLACK | § | BEXAR COUNTY, TEXAS |

### DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S
### ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in

the above-styled and numbered cause, and make and files this, its Original Answer in reply to

Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the

Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the

allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance

of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all

conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that

the following has occurred:

a.      that there has been full compliance with all terms and conditions of the
        insurance policy at issue as required prior to Plaintiff bringing suit,
        including, but not limited to, the requirement that payment is only due after
        agreement is reached on the amount of loss or an appraisal award has been
        made; and

b.      that Plaintiff has provided the required written notice under Section 541.154
        of the Texas Insurance Code at least 60 days prior to filing suit.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to Texas Insurance Code § 541.161(a). This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code. Tex. Ins. Code § 541.161(b).

4.

## PLEA IN ABATEMENT

A.    In Plaintiff's Amended Petition, Plaintiff has alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." Tex. Ins. Code §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. Tex. Ins. Code §541.155 (Vernon Supp 2005).

B.    Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C.    Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the

appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, this Defendant prays that upon final hearing hereof, that Plaintiff not recover against this Defendant, that Plaintiff's claims be dismissed with prejudice, that Defendant be awarded reasonable and necessary attorney's fees incurred in responding to Plaintiff's petition or alternatively sanctions, and that this Defendant go hence with its costs without day and for such other and further relief, at law or in equity, to which this Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: _____
     Mikell A. West
     State Bar No. 24070832

ATTORNEY FOR DEFENDANT ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     I, Mikell A. West, hereby certify that on the _20th_ day of November, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Andrew A. Woellner
Michael J. Bins
The Potts Law Firm, LLP
Email: awoellner@potts-law.com

**VIA E-FILING**

_____
Mikell A. West

## VERIFICATION OF KENTON KAPLAN

THE STATE        §
                       §

OF NORTH CAROLINA    §

BEFORE ME, the undersigned Notary Public in and for the State of _____ on

this day personally appeared Kenton Kaplan, known to me to be the person whose name is

subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated

as follows:

"My name is Kenton Kaplan. I am an Authorized Agent for Acceptance Indemnity

Insurance Company, am over the age of 18 years, am competent and authorized to testify herein

and have personal knowledge of the facts herein. I have read Paragraph 4B of Defendant's

Original Answer and it is true and correct."

Further affiant sayeth not.



Kenton Kaplan, Authorized Agent for
Acceptance Indemnity Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 17th day of November,

2017, to witness my hand and official seal of office.

Notary Public in and for
the State of NORTH CAROLINA

SUH, NAM/AIIC - D OA & PIA - AIIC - PAGE 5 OF 5

FILED
11/20/2017 9:06 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Ruby Barron

CAUSE NO. 2017CI15694

| | | |
|---|---|---|
| NAM SUH | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| ACCEPTANCE INDEMNITY INSURANCE | § | |
| COMPANY AND TIMOTHY PAUL BLACK | § | BEXAR COUNTY, TEXAS |

**DEFENDANT'S DEMAND FOR JURY**

COMES NOW, ACCEPTANCE INDEMNITY INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the

Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: _____
        Mikell A. West
        State Bar No. 24070832

ATTORNEY   FOR   DEFENDANT   ACCEPTANCE
INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I, Mikell A. West, hereby certify that on the 20th day of November, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Andrew A. Woellner
Michael J. Bins
The Potts Law Firm, LLP
Email: awoellner@potts-law.com

**VIA E-FILING**

_____
Mikell A. West

SUH NAM/AIIC et al. - JD - AIIC - PAGE **2** OF **2**

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*November 21, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

DAVID BERUMEN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*